UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RAQUEL MEIRA DAVIS, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>MACUHEALTH DISTRIBUTION, INC.; FREDERIC JOUHET, an individual; and DOES 1-10, inclusive,<br><br>   Defendants. | No. 2:19-cv-01947 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS, STAY OR TRANSFER |

----oo0oo----

Plaintiff Raquel Meira Davis brought this action against her former employer, MacuHealth Distribution, Inc. ("MacuHealth") and MacuHealth's CEO, Frederic Jouhet, alleging, inter alia, claims for wrongful termination and sexual harassment under California state law and federal law. (Compl. (Docket No. 1).) Before the court now is defendants' motion to dismiss, stay or transfer pursuant to the first-to-file rule, or in the alternative, transfer pursuant to 28 U.S.C. § 1404(a). (Docket

1

No. 16.)

I. Background

MacuHealth is a limited partnership registered and headquartered in Michigan. (Compl. ¶ 1.) It manufactures and sells supplements that allegedly preserve and improve one's vision. (Id. ¶ 10.) On June 22, 2015, plaintiff joined the company as a sales representative, covering California, Nevada, and Hawaii. (Id. ¶ 13.) As part of her employment, she signed an agreement that contained a forum selection clause providing federal and state courts in Michigan would have "jurisdiction . . . with respect to any action or proceeding arising out of or relating to" her employment. (Docket No. 16-3, Ex. A.)

Plaintiff alleges that, throughout the duration of her employment, she was sexually harassed by Frederic Jouhet, MacuHealth's CEO. (Compl. ¶¶ 19-24.) She repeatedly denied his advances, but the harassment continued. (Id. ¶¶ 28-30, 44, 47.) In May 2017, plaintiff's supervisor told her Jouhet was unhappy with her and had threatened to terminate her employment despite her excellent performance reviews. (Id. ¶¶ 37, 55.) Over the next few years, plaintiff was denied customary raises and allowances despite her success, until she felt she was forced to resign in August 2018. (Id. ¶¶ 56-60, 65-68, 74.)

Before filing this lawsuit, plaintiff filed a complaint against each defendant with the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC") and obtained right to sue letters. (Id. ¶ 86.) Shortly after obtaining these letters, plaintiff's counsel wrote to the defendants in July 2019 to

2

inform them of Davis's intent to file suit in California. (Decl. of Zainah Alfi ("Alfi Decl.") ¶ 2 (Docket No. 17-2).) After proceeding through unproductive alternative dispute resolution negotiations, plaintiff's counsel again wrote to defendants in September 2019 to inform them they would be filing suit on September 20, 2019. (Id. ¶¶ 8-10.) On September 19, 2019, defendants filed a case in Oakland County Circuit Court in Michigan, alleging plaintiff had misappropriated confidential information in violation of her employment agreement (the "Michigan action"). (Docket No. 17-3.) Plaintiff then filed this case on September 24, alleging unlawful harassment and failure to prevent harassment in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940, et seq.; unlawful retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a); wrongful termination in violation of public policy; breach of contract; and waiting time penalties pursuant to California Labor Code § 203. (See Compl.)

On November 12, 2019, plaintiff removed the Michigan action to the United States District Court for the Eastern District of Michigan. She subsequently filed a motion to dismiss or transfer to this court, contesting the validity of her employment agreement's forum selection clause and the court's personal jurisdiction over her. (Docket No. 16-4.)

On March 6, 2020, Judge Sean Cox of the Eastern District of Michigan denied plaintiff's motion in its entirety. (Docket No. 16-6.) Judge Cox found Davis had failed to overcome the "presumptive validity" of her employment agreement's forum selection clause and it was therefore enforceable. (Id. at 4-5.)

3

Additionally, Judge Cox denied her request under 28 U.S.C. § 1404(a) to transfer the action to this court, finding the forum selection clause and public interest favored keeping the case in Michigan. (Id. at 7.)

Davis filed an answer in the Michigan action and brought counterclaims nearly identical to those alleged in the California action on March 16, 2020. (Docket No. 16-7.) Similarly, defendants brought counterclaims in the California case that were nearly identical to those they alleged in the Michigan action. (Docket No. 6.) Defendants now move to dismiss, stay or transfer the California action pursuant to the first-to-file rule, or in the alternative, transfer pursuant to 28 U.S.C. § 1404(a). (Mot. (Docket No. 16).)

II. Discussion

The first to file rule is "a judicially created doctrine of federal comity, which applies when two cases involving substantially similar issues and parties have been filed in different districts." In re Bozic, 888 F.3d 1048, 1051 (9th Cir. 2018) (internal quotations and citations omitted). "Under that rule, the second district court has the discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." Id. at 1051-52 (internal quotations and citation omitted). To determine whether to apply the rule, a district court will consider three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015). Even if the rule applies, a district court has discretion to refrain from

applying the rule in the presence of "bad faith, anticipatory suit, and forum shopping." Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 628 (9th Cir. 1991) (citations omitted). A court may also decline to apply the rule when the balance of convenience weighs in favor of the later-filed action. Id.

The parties do not dispute that the first two factors of the first-to-file rule are satisfied in this case. The Michigan action was indisputably filed first, on September 19, while the California action was not filed until September 24. (Mot. at 4; Opp'n at 6 (Docket No. 17).) This satisfies the first factor. Additionally, the parties agree that the second factor is satisfied, because the parties in both actions are the same. (Mot. at 7; Opp'n at 7.)

However, the parties dispute whether the issues in both actions are sufficiently similar to satisfy the first-to-file rule's third factor. "To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits." Kohn Law Grp., 787 F.3d at 1241. The issues in the suits "need not be identical, only substantially similar." Id. at 1240.

Plaintiff claims the California and Michigan actions are not substantially similar because the California case concerns plaintiff's sexual harassment and retaliation claims while the Michigan action involves her alleged misappropriation of confidential information. (Opp'n at 7.) Plaintiff argues there would be "no meaningful overlap in discovery" and the injunctive relief sought in the Michigan case distinguishes it from the monetary relief she requests in the California case.

1 (Id.)

2 Despite some differences, the actions mirror each other in all material respects. In the Michigan action, defendants here (plaintiffs there) sued Davis for breach of contract, unfair competition, and unjust enrichment. (Docket No. 17-3.) She then counterclaimed, alleging the same causes of action she brought in the California action against defendants, albeit including two additional claims under Michigan's Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq. (Docket No. 16-7.) Similarly, in the California action, defendants brought counterclaims identical to their causes of action in the Michigan action, although they included additional claims for conversion and violations of California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426, California Penal Code § 502, and California Business & Professions Code § 17200. (Docket No. 6.) The "substantial overlap" between these two suits satisfies the third and final factor of the first-to-file rule. See Kohn Law Grp., 787 F.3d at 1241.

19 Moreover, "the interest of efficiency and judicial economy" would not be served by allowing this action to continue in this court because it would effectively permit the same dispute to be adjudicated by two different federal courts. See In re Bozic, 888 F.3d at 1051-52. Plaintiff argues that the "hypothetical judgments in either [the California or Michigan] case would be unrelated and would not impact the other case." (Opp'n at 8.) However, with the introduction of each parties' counterclaims intertwining the substantive and factual issues of the independent actions, that cannot be the case. Accordingly,

the first-to-file rule must apply to "avoid the embarrassment of conflicting judgments" that could otherwise result. See Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 749 (9th Cir. 1979).

In a last effort, plaintiff argues that even if the first-to-file rule applies, equitable exceptions exist to keep the case before this court. (Opp'n at 9.) Plaintiff primarily argues that the "anticipatory suit" exception applies. (Id.) "A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc., 554 F. Supp. 2d 949, 960 (N.D. Cal. 2008) (citations omitted). However, "a letter which suggests the possibility of legal action . . . in order to encourage or further a dialogue, is not a specific, imminent threat of legal action." Id. Consequently, courts normally find a suit is anticipatory only in a narrow set of circumstances, such as when a declaratory action has been filed to declare a party's rights before litigation proceeds. See Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006).

Here, plaintiff's letter to defendants warning them of their intent to pursue legal action, (See Alfi Decl. ¶ 8), does not rise to the level of an "anticipatory suit." Instead, defendants pursued an independent action in Michigan and sought injunctive and monetary relief against Davis for her alleged misappropriation of confidential information, rather than a judicial determination that the harassment did not happen or was

7

not actionable. (Docket No. 17-3.) Accordingly, the anticipatory suit exception does not preclude the application of the first-to-file rule.

Plaintiff also argues that convenience weighs in favor of proceeding in this court. A court may decline to apply the first-to-file rule when the balance of convenience weighs in favor of the later-filed action. Alltrade, 946 F.2d at 628. To determine convenience, courts consider the location of witnesses and evidence, the lack of connection to the forum, and the degree of calendar congestion in the court, among other factors. Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994).

Plaintiff represents that the relevant witnesses reside all over the country. (Opp'n at 13.) But plaintiff concedes "[n]early every witness would have to travel to a trial regardless of whether it proceeds in Michigan or California." (Id. (emphasis added).) Similarly, plaintiff concedes the discovery will likely be all electronic, meaning it could happen anywhere. (Opp'n at 12-13.) This consideration has no bearing either way. Plaintiff then argues she resides in Sacramento, with "no connection to Michigan as a forum." (Id.) But regardless of her lack of connection to Michigan, plaintiff consented to Michigan as the forum for all disputes arising between her and her employer in her employee agreement. (Docket No. 16-3, Ex. A.) Furthermore, MacuHealth is a Michigan corporation and Jouhet is a Michigan resident. (Compl. ¶¶ 1-2.) These facts seemingly favor allowing the action to proceed in Michigan.

The most persuasive consideration, however, is the

1  relative congestion of the court.  As Judge Cox noted in his
2  order, the Eastern District of Michigan "is less congested than
3  the proposed federal court in California."  (Docket No. 16-6.)
4  Plaintiff argues that litigating in the Eastern District of
5  Michigan "does not necessarily ensure a more efficient process"
6  because of its closure until July 2 due to COVID-19.  However, in
7  light of the public response to COVID-19 this court is also
8  closed to the public and has suspended jury trials "until further
9  notice."  (Opp'n at 13); See General Order No. 618 (May 13,
10 2020).  Accordingly, the convenience considerations weigh in
11 favor of transferring this case to the Eastern District of
12 Michigan.

For the foregoing reasons, the court finds no exceptions to the first-to-file rule apply, and it will transfer the case to the Eastern District of Michigan pursuant to the first-to-file rule.[1]

IT IS THEREFORE ORDERED this action be, and the same hereby is, TRANSFERRED to the United States District Court for the Eastern District of Michigan.

Dated:  May 28, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Because the action is transferred under the first-to-file rule, the court need not address defendants' argument that transfer is proper under 28 U.S.C. § 1404(a).

9